**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| In re EPIPEN (EPINEPHRINE INJECTION, USP) MARKETING, SALES PRACTICES AND ANTITRUST LITIGATION | 2:17-md-2785 MDL 2785 |
| This Document Relates To: | |
| All Actions | |

**THE MYLAN DEFENDANTS' OBJECTION TO INCLUSION OF *BRANNON* IN**
**_IN RE EPIPEN MARKETING AND SALES PRACTICES LITIGATION_, MDL NO. 2785**

Pursuant to the Court's September 1, 2017 Order, the Mylan Defendants (collectively, "Mylan") respectfully submit this objection to the proposed centralization of *Brannon v. Express Scripts Holding Company et al.*, Case No. 2:17-cv-02497-DDC-GLR (D. Kan. Aug. 29, 2017) ("*Brannon*") with the multidistrict litigation ("MDL") pending before this Court.

**INTRODUCTION**

This MDL is well-positioned to advance judicial economy and to achieve the efficiency goals that prompted the JPML to centralize various related EpiPen® ("EpiPen") Auto-Injector actions against Mylan in the District of Kansas. The inclusion of *Brannon* in the MDL, however, would undermine the efficiencies the JPML sought to promote. *Brannon* is itself a copycat of a lawsuit filed months earlier in the District of Minnesota. *See* Dkt. 17 (Opp. to Consolidation as a Related Action, filed by plaintiffs in *Klein v. Prime Therapeutics, LLC, et al.*, Case No. 17-cv-01884 (D. Minn.)).[1]  Adding *Brannon* (and potentially *Klein* or other similar case that may be

---

[1]      As noted in the opposition to consolidation filed by the *Klein* plaintiffs, the *Klein* action is currently subject to a Conditional Transfer Order for centralization in this MDL. *See* Dkt. 17

filed in the future) to the MDL is thus problematic for three principal reasons: (1) *Brannon* and the actions in the MDL involve completely different parties—*Brannon* is a suit against PBMs whereas the MDL actions are suits against Mylan and Pfizer; (2) *Brannon* involves fundamentally distinct legal claims about the Employee Retirement Income Security Act of 1974 ("ERISA"); and (3) centralization of *Brannon* would negate the MDL's existing benefit of streamlining discovery in the related EpiPen Auto-Injector actions.   More broadly, *Brannon* would bring different and complicated discovery and legal issues unrelated to the existing MDL, which in turn would prejudice the ability of Mylan and the other parties in the MDL to advance the proceedings in a streamlined and efficient manner.   Accordingly, Mylan respectfully requests that the Court deny centralization of the *Brannon* action with the MDL.

## ARGUMENT

The decision of whether "a civil action pending in this District which concerns the same subject matter as the cases in the MDL . . . should or should not be assigned to the judge coordinating the MDL" is done "in accordance with the rules governing centralization found in 28 U.S.C. § 1407(a)."  D. Kan. Rule 23-A(a); *see also* D. Kan. Rule 23-A(e).[2]  Centralization of actions into a single forum under Section 1407 is appropriate where it "will serve the convenience of the parties and witnesses and promote the just and efficient conduct of [a] litigation."  *In re: Sony Corp. SXRD Rear Projection Television Mktg., Sales Practices & Prod. Liab. Litig.*, 655 F. Supp. 2d 1367, 1367 (J.P.M.L. 2009).  "[T]ransfer to a single district under Section 1407 has the salutary effect of placing all the related actions before a single judge who

at 1.  Mylan also opposes centralization of the *Klein* action in this MDL and will separately file a Notice of Opposition with the JPML.

[2]      Although the *Brannon* plaintiffs' Notice of Related Action "request[s] consolidation into MDL 2785," Dkt. 12 at 2, Mylan respectfully submits that in light of this District's Local Rule and the procedural posture of this case, the *Brannon* plaintiffs are actually requesting *centralization* of the *Brannon* action into the existing MDL.

can formulate a pretrial program that: (1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues . . . and (2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties." *In re Ocwen Fed. Bank FSB Mortg. Servicing Litig.*, 314 F. Supp. 2d 1376, 1379 (J.P.M.L. 2004). Thus, "[t]ransfer under Section 1407 for pretrial purposes can streamline litigation, thereby benefitting the parties and the courts." *In re: Air Crash Over Hudson River Near New York, N.Y.*, 716 F. Supp. 2d 1360, 1360 (J.P.M.L. 2010).

Centralization of the *Brannon* action into the MDL would not serve these considerations. To the contrary, it would undermine the efficiency benefits from centralizing the related EpiPen Auto-Injector actions against Mylan in one forum, wasting both judicial resources and the resources of the respective parties, for several reasons.

First, *Brannon* and the MDL involve different parties. The defendants in the MDL include Mylan and Pfizer, neither of which is a defendant in *Brannon*. Instead, the only defendants in *Brannon* are pharmacy benefit managers ("PBMs") Express Scripts Holding Company, Express Scripts Inc., UnitedHealth Group Inc., OptumRx Inc., and Prime Therapeutics LLC. This alone strongly weighs in favor of keeping these cases separate. *See In re: Mortg. Indus. Foreclosure Litig.,* 996 F. Supp. 2d 1379, 1379–80 (J.P.M.L. 2014) (denying centralization for actions with "different defendants [and] plaintiffs"); *accord In re: Mortg. Indus. Home Affordable Modification Program (HAMP) Contract Litig.*, 867 F. Supp. 2d 1338, 1338 (J.P.M.L. 2012) (denying centralization where there were "non-overlapping defendants").

Second, the legal claims in *Brannon* are entirely distinct from those in the MDL. The *Brannon* plaintiffs assert only one kind of legal claim: alleged violations of the duty of loyalty,

duty of prudence, and duty to inform under ERISA.  By contrast, the actions currently in the MDL do not involve *any* ERISA claims.  Nor could they.  Mylan and Pfizer plainly are not "named fiduciaries" subject to duties under ERISA.  29 U.S.C. § 1102(a)(a); *see also* 29 U.S.C. § 1104(a).  Instead, the actions in the MDL include claims against drug manufacturers based on "violation[s] of federal and state antitrust laws, as well as state consumer protection laws" and RICO.  *In re EpiPen,* MDL No. 2785 Dkt. 59 at 2 (J.P.M.L. Aug. 3, 2017).  This divergence of claims also strongly supports keeping these cases separate.  *See In re: Sigg Switzerland (USA), Inc., Aluminum Bottles Mktg. & Sales Practices Litig.*, 682 F. Supp. 2d 1347, 1348 (J.P.M.L. 2010) (declining to centralize five actions in an existing MDL where the five actions "involve[d] parties, facts and theories different from those in the actions in the MDL").  Adding new ERISA claims would distract from and hinder the ability of the existing parties in the MDL to develop and brief the claims already at issue because these ERISA claims are completely different in substance and scope from the consumer protection and antitrust claims currently in the MDL.[3]

To be sure, *Brannon* includes allegations that the PBMs extracted rebates as part of an allegedly anticompetitive scheme involving EpiPen devices.  *See Brannon,* Case No. 2:17-cv-02497-DDC-GLR Dkt. 1 ¶ 174.  And, as noted in the *Brannon* plaintiffs' Notice of Related Action, both *Brannon* and the MDL involve issues about "pharmaceutical benefits managers." Dkt. 12 at 2.  But *Brannon* focuses on the conduct of the *PBMs* and whether their acceptance of rebates violated their alleged duties under ERISA, duties which presumably will depend on each PBM's particular client relationships.  These issues are entirely absent from this MDL, which asserts claims against drug manufacturer defendants, includes factual matters specific to the

---

[3]     For instance, the issue of whether the PBMs are fiduciaries under ERISA will likely be another central issue in the *Brannon* case—an issue not currently part of the MDL.  *See, e.g.*, *Klein,* Case No. 17-cv-01884 Dkt. 82 at 20 (D. Minn. Aug. 4, 2017) (moving to dismiss *Klein* on the legal theory that PBMs do not have fiduciary duties under ERISA for rebate negotiations).

4

manufacturers separate from rebates, and does not involve ERISA or fiduciary duties at all.  *See In re EpiPen,* MDL No. 2785 Dkt. 59 at 2 (J.P.M.L. Aug. 3, 2017) (noting the MDL "actions share factual questions arising from Mylan's alleged dominance in the market for epinephrine auto-injectors and recent increases of the price for the EpiPen").

Third, in light of the differences between *Brannon* and the MDL, centralizing *Brannon* into the MDL would not promote efficiency.  In creating this MDL, the JPML stressed that the similarities of the parties, claims, and allegations of the cases meant that centralization would streamline discovery and "eliminate duplicative discovery."  *In re EpiPen,* MDL No. 2785 Dkt. 59 at 2 (J.P.M.L. Aug. 3, 2017).

Contrary to the MDL plaintiffs' statement in support of consolidation, *see* Dkt. 18 at 5, adding *Brannon* to the mix would have the opposite effect.  To the extent that any discovery ultimately goes forward in this MDL—and Mylan believes that it should not—such discovery would focus on the facts that the MDL plaintiffs have alleged in their complaints, as opposed to whether PBMs violated fiduciary duties owed to their alleged ERISA beneficiaries.  Thus, *Brannon*, if included in the MDL, would pose a material risk of expanding the scope of the case by adding new parties, claims, and discovery that would need to be overseen by this Court, thereby adding layers of unnecessary time and cost to the proceedings.

There may be some overlapping discovery between *Brannon* and the MDL actions over time, but the best way to address that is through coordination of discovery between this and other courts.  Folding *Brannon* into the MDL entirely through centralization is not the answer.

## CONCLUSION

For all the reasons discussed above, Mylan respectfully requests that this Court deny centralization of the *Brannon* action with the MDL.

5

Dated:  September 7, 2017

Respectfully submitted,

/s/ Brian C. Fries
Brian C. Fries (15889)
James Moloney (23786)
LATHROP & GAGE LLP
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri  64108-2618
Telephone: (816) 292-2000
Facsimile: (816) 292-2001
bfries@lathropgage.com
jmoloney@lathropgage.com


/s/ Mitchell E. Zamoff
Mitchell E. Zamoff
HOGAN LOVELLS US LLP
80 South Eighth Street, Suite 1225
Minneapolis, MN 55402
Telephone: (612) 402-3000
Facsimile: (612) 402-3001
mitch.zamoff@hoganlovells.com

Adam K. Levin
David M. Foster
Kathryn M. Ali
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-6846
Facsimile: (202) 637-5910
adam.levin@hoganlovells.com
david.foster@hoganlovells.com
kathryn.ali@hoganlovells.com

/s/ Arnold B. Calmann
Arnold B. Calmann
SAIBER LLC
One Gateway Center, 10th Floor
Newark, New Jersey 07102-5311
Telephone: (937) 622-3333
Facsimile: (973) 286-2465
abc@saiber.com

*Counsel for the Mylan Defendants*